## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TESA T. GREENE,<br><br>      Plaintiff,<br><br>vs.<br><br>HOMEBANC MORTGAGE CORPORATION, U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE OF THE HOMEBANC MORTGAGE TRUST 2005-1 MORTGAGE-BACKED NOTES, SERIES 2005-1, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>      Defendants. | Civil Action No. 1:12-cv-03411-RWS |

**BRIEF IN SUPPORT OF MOTION TO DISMISS OF  U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE OF THE HOMEBANC MORTGAGE TRUST 2005-1 MORTGAGE-BACKED NOTES, SERIES 2005-1 AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

COME NOW Defendants U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE OF THE HOMEBANC MORTGAGE TRUST 2005-1 MORTGAGE-BACKED NOTES, SERIES 2005-1 ("U.S. Bank") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and file this Brief in Support of their Motion to Dismiss, and show this Court that

Plaintiff's Complaint fails to state a claim upon which relief should be granted and should be dismissed with prejudice.

## I.   PROCEDURAL HISTORY AND SUMMARY OF ARGUMENT

Plaintiff filed her "Verifified [sic] Complaint for Declaratory Judgment, Preliminary Injunction and Permanent Injunction and Complaint for Accounting" (the "Complaint") in the Superior Court of Cherokee County, Georgia, on August 28, 2012.  Process was served on U.S. Bank on August 30, 2012.  Process was never served upon MERS.   Upon information and belief, named Defendant Homebanc Mortgage Corporation ("Homebanc") was liquidated through bankruptcy and no longer exists.  U.S. Bank and MERS (collectively, "these Defendants") removed the action to this court on October 1, 2012.   These Defendants move this Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiff has failed to state a claim on which relief can be granted.

The Complaint challenges Defendants' standing to foreclose on Plaintiff's home and seeks declaratory relief and an injunction to stop a previously scheduled foreclosure sale.  Plaintiff admits that she executed a security deed securing her mortgage loan, and that the security deed is valid and was properly recorded. [Doc. 1-1, Compl. ¶ 6 and Exhibit "B" thereto.]  Plaintiff also admits that the land records contain two assignments. [Doc. 1-1, Compl. ¶¶ 7-8 and Exhibits C and D

thereto.]  The first recorded assignment evidences Homebanc's conveyance of the security deed to MERS.  [Doc. 1-1, Compl. ¶7 and Exhibit C thereto.]  The second recorded assignment evidences MERS conveyance of the security deed to U.S. Bank. [Doc. 1-1, Compl. ¶8 and Exhibit D thereto.]  Plaintiff's claims are based on her allegations that U.S. Bank was not properly assigned the note, and that Homebanc Mortgage Trust 2005-1 Mortgage-Backed Notes, Series 2005-1 (the "Trust") does not exist.

Plaintiff's claims relating to the existence of the Trust are baseless.  Further, whether or not U.S. Bank holds the note is irrelevant, and in any event, Plaintiff lacks standing to challenge the assignment of the note.  Finally, by Plaintiff's own admission, all necessary steps prior to non-judicial foreclosure have occurred. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## II.    STATEMENT OF FACTS

On or about December 15, 2004, Plaintiff executed a note and a security deed securing the note by conveying title to her residential property located at 128 Gold Mill Place, Canton, Georgia 30114 (the "Property") to Homebanc.  The security deed was recorded in the land records of Cherokee County, Georgia, at Book 7654, Page 65 through 87 (the "Security Deed"). A true and complete copy

of the Security Deed is attached to the Complaint as Exhibit B.[1]   Homebanc assigned its interest in the Security Deed to MERS.  This assignment was recorded in the land records of Cherokee County, Georgia, at Book 9994, Page 417 (the "MERS Assignment").  A true and complete copy of the MERS Assignment is attached to the Complaint as Exhibit C.  On July 12, 2012, MERS assigned its interest in the Security Deed to U.S. Bank.  This assignment was recorded in the land records of Cherokee County, Georgia, at Book 11916, Page 47 - 48 (the "U.S. Bank Assignment").  A true and complete copy of the U.S. Bank Assignment is attached to the Complaint as Exhibit D.

Plaintiff became delinquent in her payments on her mortgage, and U.S. Bank initiated a foreclosure sale.  Plaintiff was notified of the pending foreclosure pursuant to a Notice of Sale Under Power which identifies U.S. Bank as holder of the Security Deed. [Compl. ¶ 13.]  Plaintiff filed this action in an attempt to delay foreclosure.  Plaintiff does not allege any defects in the Notice of Sale Under Power.  The only bases for Plaintiff's claims are that the assignment of the note to U.S. Bank is invalid, and her speculation that that the Trust is no longer in existence.

---

[1] When considering a motion to dismiss, a court may consider any attachments to the complaint and any matters of public record without converting the motion to one for summary judgment.  *See Davis v. Williams Commc'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003); *Clark v. Bibb County Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001).

### III.   ARGUMENT AND CITATION OF AUTHORITY

This Court has the authority and the duty to review complaints before it to determine whether they are well-pled and state a claim for which legal relief can be granted. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). If they do not, the Court should waste neither the parties' nor its own resources by allowing the often expensive and time consuming process of discovery to commence. Instead, the Court should dismiss the case at its inception. *Lubin v. Skow*, 382 Fed. Appx. 866 (11th Cir. 2010). Such is the course the Court should follow in this case.

#### A. Standard of Review

"A party may raise by a motion for judgment on the pleadings that a complaint fail[s] to state a claim upon which relief can be granted." *Dorsey v. Georgia Dep't of State Rd. & Tollway Auth. SRTA*, No. 1:09-cv-1182, 2009 WL 2477565 at *3 (N.D. Ga. Aug. 10, 2009).   In order to avoid judgment on the pleadings, a complaint's allegations must plausibly suggest that the plaintiff has a right to relief. *Boyd v. Peet*, 249 Fed. Appx. 155 (11th Cir. 2007) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) to the judgment on the pleading standard).

The Federal Rules employ a notice pleading standard requiring that a complaint contain only "a short and plain statement of the claim showing the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although a court is required to accept well-pleaded facts as true when evaluating a motion to dismiss, it is not required to accept the plaintiff's legal conclusions. *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted). When evaluating the sufficiency of a plaintiff's complaint, the court makes reasonable inferences in favor of the plaintiff, but is not required to draw the plaintiff's inferences. *Id.* (quoting *Aldana v. Del Monte Fresh Produce, NA., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005)). Similarly, the court does not accept as true "unwarranted deductions of fact" or legal conclusions in a complaint. *Id.* (quoting *Aldana*, 416 F.3d at 1248).

### B. U.S. Bank Is the Proper Party to Foreclose

In Count I of the Complaint, Plaintiff seeks declaratory and injunctive relief preventing these Defendants from foreclosing on the Property. [Compl. ¶ 22.] Plaintiff bases her request on her allegation that U.S. Bank is not the proper party to foreclose on the Property.  [Compl. ¶¶  20-22.]  However, Plaintiff's own allegations in her Complaint and the exhibits attached thereto conclusively refute this claim.

### 1. The land records of Cherokee County show that U.S. Bank is the holder of the Security Deed.

As Plaintiff points out, *O.C.G.A.* § 44-14-162 states that "[t]he security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk

6

of the superior court of the county in which the real property is located."  It is undisputed that the Security Deed, the MERS Assignment, and the U.S. Bank Assignment are all recorded in the land records of Cherokee County. [Compl. ¶¶ 6-8, and Exhibits B, C, D thereto.]  These documents establish that U.S. Bank is the holder of the Security Deed.

Plaintiff attempts to undermine the assignments by alleging the MERS Assignment did not assign to MERS the authority to foreclose, and MERS therefore could not assign such authority to U.S. Bank.   [Compl. ¶¶ 9-11.] However, the MERS Assignment states that Homebanc "does convey, grant, sell, assign, transfer and set over the described mortgage/deed together with the certain note(s) described therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to [MERS.]" [MERS Assignment.]   The Security Deed in turn shows that Plaintiff conveyed title to the Property to Homebanc, and its assigns, with a power of sale.   [Security Deed p. 3.] Accordingly, Homebanc effectively conveyed the power of sale to MERS, which MERS later assigned to U.S. Bank.

Plaintiff also seeks to undermine the U.S. Bank Assignment, alleging that MERS disclaimed its interest in the Property on its website, and therefore could not convey such interest to U.S. Bank.  [Compl. ¶ 12.]   Notably, Plaintiff does not state with any specificity what MERS' website allegedly said, when it said it, or

how it could trump a validly recorded interest in the Property. Rather, Plaintiff draws the legal conclusion that the website effectively disclaimed any interest MERS had in the Property, with the serendipitous result that the Property would then be free of any security interest or encumbrance. The Court is not required to accept this absurd legal conclusion. *Sinaltrainal,* 578 F.3d at 1260.

In addition to not alleging what, exactly, the MERS website said, Plaintiff does not plead *when* MERS' website allegedly disclaimed its interest in the Property. The U.S. Bank Assignment clearly shows that MERS assigned its interest in the Security Deed to U.S. Bank. As MERS assigned its security interest in the Property to U.S. Bank in July 2012, any disclaimer after that date would be immaterial.

### 2. U.S. Bank does not need to prove that is holds the note in order to foreclose on the Property.

Plaintiff further seeks to undermine the recorded assignments of the Security Deed by alleging that U.S. Bank was not validly assigned her mortgage note. Georgia law does not require U.S. Bank to produce the original promissory note and security deed in order to foreclose. In Georgia, this "produce the note" theory has no bite. *See Watkins v. Beneficial HSBC Mortgage*, No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sept. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note."); *Webb v. Suntrust Mortg. Inc.*, Civil Action No. 1:10-CV-0307-

TWT-CCH, 2010 WL 2950353, at *2 n. 5 (N.D. Ga. July 23, 2010).  To the extent Plaintiff's claim is premised on some obligation by U.S. Bank to produce the original note, thereby transforming the non-judicial foreclosure procedures authorized under Georgia law to a judicial foreclosure, it should be dismissed.

Additionally, this Court has repeatedly held that the holder of a security deed need not also possess or hold the note to conduct foreclosure proceedings validly under Georgia law. *See e.g. Montoya v. Branch Banking & Trust Co.,* No. 1:11–cv–1869–RWS, 2012 WL 826993, at *5 (N.D. Ga. Mar. 9, 2012) (rejecting wrongful foreclosure claim to the extent that it was based on a note-splitting theory); *Alexis v. Mortg. Elec. Registration Sys., Inc.,* No. 1:11–cv–1967–RWS, 2012 WL 716161, at *3 (N.D. Ga. Mar. 5, 2012) (holding that Georgia law does not preclude the holder of a security deed from initiating foreclosure if it does not also hold the note); *Jackman v. Hasty,* Civil Action No. 1:10–cv–2485–RWS, 2011 WL 854878, at *3–4 (N.D. Ga. Mar. 8, 2011) (rejecting plaintiff's argument that holder of a security deed cannot proceed with foreclosure sale if it does not also possess the promissory note, particularly when the plain language of the deed gives the deed holder the right to foreclose); *LaCosta v. McCalla Raymer, LLC,* No. 1:10–cv–1171–RWS, 2011 WL 166902, at *6 (N.D. Ga. Jan. 18, 2011) (holding that plaintiff failed to state a claim because the plaintiff granted to MERS in the security deed "the right to foreclose and sell the property" and deeds are

"construed in favor of allowing exercise of the power of sale").  Therefore, any facts asserting that U.S. Bank does not hold the note are immaterial, and do not affect U.S. Bank's power to conduct a foreclosure sale.

### 3.   Plaintiff lacks standing to contest the assignments.

It is also worth noting that Plaintiff lacks standing to contest the validity of the assignments of the mortgage note and the Security Deed.  Plaintiff is not a party to the assignments, and is not an intended beneficiary of either assignment. In *Breus v. McGriff*, 202 Ga. App. 216, 413 S.E.2d 538 (1991), the Georgia Court of Appeals held that the maker of a note had no standing to challenge the validity of the assignment of the note:  "Appellants are strangers to the assignment contract between appellee and Habersham and thus have no standing to challenge its validity." *Breus,* 202 Ga. App. at 217, 413 S.E.2d at 539.  *Breus* is controlling. The maker of a note or security deed has no standing to contest the validity of an assignment between other parties.

### C. Plaintiff's claims that the Trust does not exist are meritless.

Paragraphs 14 and 15 of the Complaint allege entirely irrelevant facts apparently intended to suggest that the Trust does not exist.  Paragraph 14 alleges that a website (http://www.secinfo.com) indicates that U.S. Bank is "possibly in active [sic] since 1/26/2006."  [Compl. ¶ 14].  Paragraph 15 alleges that the Trust has not been included in IRS Publication 938 since 2005. [Compl. ¶ 15].  From

this, Plaintiff draws the legal conclusion that the Trust does not exist and therefore, U.S. Bank cannot conduct a foreclosure sale.

Plaintiff's allegation that the Trust does not exist is not plausible.  The existence of U.S. Bank and of the trust of which it is Trustee are established by U.S. Bank's initiation of the foreclosure sale and by its appearance in this case as Trustee of the Trust.  U.S. Bank also made an appearance, in its capacity as Trustee of the same Trust, in this Court in Civil Action No. 1:12-CV-01478-TWT.[2]  The allegations in Paragraphs 14 and 15 of the Complaint are purely speculative, and do not meet the plausibility standard of Rule 12.

### D. Plaintiff's Complaint Fails to State a Claim

U.S. Bank is the assignee of the Security Deed.  Plaintiff pleads no plausible facts to support her claim that U.S. Bank has no standing to foreclose. Accordingly all claims in the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### 1.  Count I- Declaratory and Injunctive Relief

In Count I, Plaintiff petitions the Court for declaratory and injunctive relief. However, as Plaintiff has not made any showing to satisfy her burden under Fed. R. Civ. P. 65, she is not entitled to injunctive relief.  A party is not entitled to injunctive relief unless she establishes: (1) a substantial likelihood of success on

---

[2] The docket of this case is a matter of public record; therefore, the Court may consider such without converting the motion to one for summary judgment. *See Davis*, 258 F. Supp. 2d at 1352.

the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued and (4) an injunction would not disserve the public interest.  *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1236-1247 (11th Cir. 2002).  *See also LaCosta v. McCalla Raymer, LLC*, No. 1:10-CV-1171-RWS, 2011 WL 166902 (N.D. Ga. Jan. 18, 2011).

Where there is no chance of success on the merits, the inquiry must end, because all four elements must be satisfied for an injunction to issue.  *Texas v. Sealtrain Int'l S.A.*, 518 F.2d 175, 180 (5th Cir.1975).  The recorded instruments attached to the Complaint establish that U.S. Bank is the holder of the Security Deed and holds the power of sale.  Plaintiff cannot prevail in this action.  Because Plaintiff cannot demonstrate a likelihood of success on the merits, Plaintiff's request for an injunction should be dismissed.

Plaintiff's request for declaratory relief should likewise be dismissed. Plaintiff requests that the Court declare that U.S. Bank is not the proper party to initiate foreclosure proceedings.  [Compl. ¶ 22].  As shown above, U.S. Bank is the last assignee and the holder of the Security Deed with a power of sale.  Count I of the Complaint should therefore be dismissed.

### 2.  Count II- Demand for Accounting

Count II of the Complaint requests that the Court require these Defendants to provide an accounting.  [Compl. ¶¶ 23- 23 (sic)].  The only facts plead by Plaintiff in support of her request for an accounting is that Plaintiff and these Defendants are in dispute concerning the fees and charges to Plaintiff's account. However, the mere necessity for an accounting to ascertain the amount due on a contract is insufficient to give equity jurisdiction to order an accounting. *Ins. Ctr., Inc. v. Hamilton,* 218 Ga. 597, 601, 129 S.E.2d 801, 804 (1963) (citations omitted). Plaintiff is not entitled to an equitable accounting and Count II should be dismissed.

### 3.  Count III- Negligent Misrepresentation

Finally, in Count III of the Complaint, Plaintiff alleges that U.S. Bank negligently and falsely represented that it has standing to foreclose on the Property. In Georgia, the common law tort of negligent misrepresentation requires five elements: (1) false representation by defendant; (2) with scienter, or knowledge of falsity; (3) with negligence; (4) on which plaintiff justifiably relied; (5) with proximate cause of damages to plaintiff. *Prince Heaton Enterprises., Inc. v. Buffalo's Franchise Concepts, Inc.,* 117 F. Supp. 2d 1357, 1360 (N.D. Ga. 2000). The Complaint fails to sufficiently allege a false representation made by these Defendants.  As U.S. Bank has the power of sale as the holder of the Security Deed, any representation that U.S. Bank has standing to foreclose is not false.

13

Therefore, a negligent misrepresentation claim cannot lie, and Count III of the Complaint should be dismissed.

## CONCLUSION

Plaintiff's Complaint utterly fails to allege facts that undermine U.S. Bank's power to foreclose on the Property.  Rather, the Complaint with the exhibits attached thereto conclusively establishes that U.S. Bank is the holder of the Security Deed with its power of sale.  For all the foregoing reasons, the Complaint should be dismissed with prejudice for failure to state a claim.

Respectfully submitted, this 8th day of October, 2012.

**KITCHENS KELLEY GAYNES, P.C.**

/s/ Stephen V. Kern
Stephen V. Kern
Georgia Bar No. 415875
Craig P. Silverman
Georgia Bar No. 365523

Counsel for Defendants U.S. Bank, N.A., as Indenture trustee of the Homebanc Mortgage Trust 2005-1 Mortgage-Backed Notes, Series 2005-1, and Mortgage Electronic Registration Systems, Inc.

Eleven Piedmont Center - Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100 telephone
(404) 364-0126 facsimile

# <u>RULE 7.1(D) CERTIFICATE</u>

The undersigned counsel certifies that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted, this 8th day of October, 2012.

                        **KITCHENS KELLEY GAYNES, P.C.**


                        <u>/s/ Stephen V. Kern</u>
                        Stephen V. Kern
                        Georgia Bar No. 415875
                        Craig P. Silverman
                        Georgia Bar No. 365523

                        Counsel for Defendants U.S. Bank, N.A., as
                        Indenture Trustee of the Homebanc
                        Mortgage Trust 2005-1 Mortgage-Backed
                        Notes, Series 2005-1, and Mortgage
                        Electronic Registration Systems, Inc.

Eleven Piedmont Center - Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100 telephone
(404) 364-0126 facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this day I have served the party with a true and correct copy of the **Brief in Support of Motion to Dismiss of U.S. Bank, National Association, as Indenture Trustee of the Homebanc Mortgage Trust 2005-1 Mortgage-Backed Notes, Series 2005-1 and Mortgage Electronic Registration Systems, Inc.** via CM/ECF electronic filing system and by depositing same in the United States Mail in a properly addressed envelope with adequate postage to:

> Tesa Greene
> 128 Gold Mill Place
> Canton, Georgia 30114

This 8th day of October 2012.

**KITCHENS KELLEY GAYNES, P.C.**

/s/ Stephen V. Kern
Stephen V. Kern
Georgia Bar No. 415875
Craig P. Silverman
Georgia Bar No. 365523

Counsel for Defendants U.S. Bank, N.A., as Indenture Trustee of the Homebanc Mortgage Trust 2005-1 Mortgage-Backed Notes, Series 2005-1, and Mortgage Electronic Registration Systems, Inc.

Eleven Piedmont Center - Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100 telephone
(404) 364-0126 facsimile